IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **ALCATEL-LUCENT USA INC.** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:09-cv-422** |
| | § | |
| **AMAZON.COM, INC.;** | § | |
| **ZAPPOS.COM, INC;** | § | |
| **NETFLIX, INC.;** | § | |
| **OVERSTOCK.COM, INC.;** | § | **JURY DEMANDED** |
| **QVC, INC.;** | § | |
| **SEARS HOLDING CORPORATION;** | § | |
| **SEARS HOLDINGS MANAGEMENT** | § | |
| **CORPORATION;** | § | |
| **SEARS, ROEBUCK AND CO.;** | § | |
| **SEARS BRANDS, LLC;** | § | |
| **KMART CORPORATION;** | § | |
| **KMART HOLDING CORPORATION;** | § | |
| **and LANDS' END, INC.** | § | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Alcatel-Lucent USA Inc., by and through their attorneys, bring this Complaint against Defendants Amazon.com, Inc.; Zappos.com, Inc.; Netflix, Inc.; Overstock.com, Inc.; QVC, Inc.; Sears Holdings Corporation; Sears Holdings Management Corporation; Sears, Roebuck and Co.; Sears Brands, LLC; Kmart Corporation; Kmart Holding Corporation; and Lands' End, Inc.; (collectively, "Defendants") as follows:

## THE PARTIES

1.     Alcatel-Lucent USA Inc. ("Alcatel-Lucent USA"), formerly known as Lucent Technologies Inc., is a corporation organized under the laws of the State of Delaware and maintains a principal place of business at 600-700 Mountain Avenue, Murray Hill, New Jersey.

2.    The Defendants infringe patents developed by researchers at Alcatel-Lucent USA and its predecessors.  Alcatel-Lucent USA consists of, among other things, the world-renowned Bell Labs, which has a long and storied history of innovation.

3.    Today, Alcatel-Lucent USA and its affiliates continue this legacy of innovation in the United States and around the world.  In Plano, Texas alone, Alcatel-Lucent USA employs approximately 2,600 people in a wide variety of fields.  For example, Alcatel-Lucent USA has established one of its global IP Transformation Centers in Plano.   At this center, Alcatel-Lucent USA's expert consultants and technicians use specially adapted tools to help their customers predictably, profitably, and comprehensively transform their computer network infrastructures.

4.    Alcatel-Lucent USA further supports its customers through the Plano campus of Alcatel-Lucent University, where numerous students take part in daily lectures, labs, and hands-on coursework.

5.    Alcatel-Lucent USA is informed and believes that Defendant Amazon.com, Inc. ("Amazon") is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 1200 12th Avenue South, Seattle, Washington, 98144, and does business in the Eastern District of Texas.

6.    Alcatel-Lucent USA is informed and believes that Defendant Zappos.com, Inc. ("Zappos") is a corporation organized under the laws of the State of California, maintains its principal place of business at 2280 Corporate Circle, Henderson, Nevada, 89074, was recently purchased by Amazon, and does business in the Eastern District of Texas.

7.    Alcatel-Lucent USA is informed and believes that Defendant Netflix, Inc. ("Netflix") is a corporation organized under the laws of the State of Delaware, maintains its

principal place of business at 100 Winchester Circle, Los Gatos, California, 95032, and does business in the Eastern District of Texas.

8.    Alcatel-Lucent USA is informed and believes that Defendant Overstock.com, Inc. ("Overstock") is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 6350 South 3000 East, Salt Lake City, Utah, 84121, and does business in the Eastern District of Texas.

9.    Alcatel-Lucent USA is informed and believes that Defendant QVC, Inc. ("QVC") is a corporation organized under the laws of the State of Delaware, maintains its principal place of business at 1365 Enterprise Drive, West Chester, Pennsylvania, 19380, and does business in the Eastern District of Texas.

10.    Alcatel-Lucent USA is informed and believes that Defendant Sears Holdings Corporation ("SHC") is organized under the laws of the State of Delaware, maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60192, and does business in the Eastern District of Texas.

11.    Alcatel-Lucent USA is informed and believes that Defendant Sears, Roebuck and Co. ("Sears, Roebuck") is organized under the laws of the State of New York, maintaining its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60192, and does business in the Eastern District of Texas.

12.    Alcatel-Lucent USA is informed and believes that Defendant Sears Brands, LLC ("Sears Brands") is organized under the laws of the State of Illinois, maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60192, and does business in the Eastern District of Texas.

13.    Alcatel-Lucent USA is informed and believes that Defendant Sears Holdings Management Corporation ("SHMC") is organized under the laws of the State of Delaware, maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60192, and does business in the Eastern District of Texas.

14.    Alcatel-Lucent USA is informed and believes that Defendant Kmart Corporation ("Kmart") is organized under the laws of the State of Michigan, maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60192, and does business in the Eastern District of Texas.

15.    Alcatel-Lucent USA is informed and believes that Defendant Kmart Holding Corporation ("Kmart Holding") is organized under the laws of the State of Delaware, maintains its principal place of business at 3333 Beverly Road, Hoffman Estates, Illinois, 60192, and does business in the Eastern District of Texas.

16.    Alcatel-Lucent USA is informed and believes that Defendant Lands' End, Inc. ("Lands' End") is organized under the laws of the State of Delaware, maintains its principal place of business at 1 Lands' End Lane, Dodgeville, Wisconsin, 53533, and does business in the Eastern District of Texas (collectively and individually, SHC; Sears, Roebuck; Sears Brands; SHMC; Kmart; Kmart Holding; and Lands' End will be referred to herein as the "Sears Defendants").

## JURISDICTION AND VENUE

17.    These Claims arise under the Patent Laws of the United States, Title 35 U.S.C. §§ 101 *et seq.*  Jurisdiction in this Court over these Claims is proper pursuant to 28 U.S.C. §§ 1331 and 1338.

18.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400 because each Defendant is, at a minimum, subject to personal jurisdiction in this District, explained above and below, and the Defendants committed acts of infringement in this District, explained below.

19.     Upon information and belief, Defendants are subject to personal jurisdiction in this District arising out of their contacts within this District.  Each Defendant has conducted and does conduct business within the State of Texas.  Each Defendant ships, distributes, offers for sale, sells, imports and advertises its products in the United States, the State of Texas, and the Eastern District of Texas.  Each Defendant maintains a significant sales presence in the State of Texas and Eastern District of Texas.  Each Defendant has purposefully and voluntarily placed one or more of its infringing products (and/or services) into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas.  Each Defendant has committed the tort of patent infringement within the State of Texas, and particularly within the Eastern District of Texas.  Furthermore, Defendants' contacts with this District are systematic and continuous, and Alcatel-Lucent USA's claims arise out of or are related to Defendants' contacts with this District, by which Defendants have purposefully availed themselves in this District.

## **FACTUAL BACKGROUND**

### **Amazon**

20.     Amazon is an online retail company.  Amazon is currently the largest online retailer in the United States.

21.     Amazon owns, operates, and maintains—or controls and directs the operation and maintenance of—website(s) including but not limited to http://www.amazon.com ("the Amazon website").

22.     Currently, the Amazon website has over 100 million visitors per month.  On information and belief, many visitors to and purchasers through the Amazon website reside in this District.

23.     The Amazon website consists of an Internet user interface through which visitors to the Amazon website may purchase products.  On the Amazon website, Amazon offers thousands of products for sale, including books, computer software, video games, electronics, apparel, furniture, food, and toys.

24.     Downloadable movies, as well as content for digital book readers, are also available for purchase on the Amazon website.

25.     The Amazon website user interface allows Amazon website visitors to supply information, such as a visitor's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

26.     Amazon collects, stores, and maintains information supplied by visitors to the Amazon website, or directs and controls the collection, storage and maintenance of information supplied by visitors through the Amazon website.

**<u>Zappos</u>**

27.     Zappos is an online retailer and owns, operates, and maintains—or controls and directs the operation and maintenance of—website(s) including but not limited to http://www.zappos.com ("the Zappos website").

28.    The Zappos website consists of an Internet user interface through which visitors to the Zappos website may purchase products.  On information and belief, many visitors to and purchasers through the Zappos website reside in this District.  On the Zappos website, Zappos offers thousands of products for sale, including shoes, clothing, bags, and accessories.

29.    The Zappos website user interface allows Zappos website visitors to supply information, such as a visitor's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

30.    Zappos collects, stores, and maintains information supplied by visitors to the Zappos website, or directs and controls the collection, storage, and maintenance of information supplied by visitors to the Zappos website.

## Netflix

31.    Netflix is a movie rental business and owns, operates, and maintains—or controls and directs the operation and maintenance of—website(s) including but not limited to http://www.netflix.com ("the Netflix website").

32.    The Netflix website consists of an Internet user interface through which subscribers to the Netflix website may select movies for rental.  On information and belief, many of Netflix's subscribers reside and purchase products and/or services on the Netflix website in this District.  On the Netflix website, Netflix offers thousands of movie titles to its subscribers.

33.    The Netflix website user interface requires Netflix website subscribers to supply information, such as a subscriber's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

34.     Netflix collects, stores, and maintains information supplied by subscribers and visitors to the Netflix website, or directs and controls the collection, storage, and maintenance of information supplied by subscribers and visitors to the Netflix website.

### Overstock

35.     Overstock is an online retailer and owns, operates, and maintains—or controls and directs the operation and maintenance of—website(s) including but not limited to http://www.overstock.com ("the Overstock website").

36.     The Overstock website consists of an Internet user interface through which visitors to the Overstock website may purchase products.  On information and belief, many visitors to and purchasers through the Overstock website reside in this District.  On the Overstock website, Overstock offers thousands of products for sale, including clothing, jewelry, electronics, books, and furniture.

37.     The Overstock website user interface allows Overstock website visitors to supply information, such as a visitor's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

38.     Overstock collects, stores, and maintains information supplied by visitors to the Overstock website, or directs and controls the collection, storage, and maintenance of information supplied by visitors to the Overstock website.

### QVC

39.     QVC is, among other things, an online retailer and owns, operates, and maintains—or controls and directs the operation and maintenance of—website(s) including but not limited to http://www.qvc.com ("the QVC website").

40.    The QVC website consists of an Internet user interface through which visitors to the QVC website may purchase products.  On information and belief, many visitors to and purchasers through the QVC website reside in this District.  On the QVC website, QVC offers thousands of products for sale, including clothing, accessories, jewelry, and toys.

41.    The QVC website user interface allows QVC website visitors to supply information, such as a visitor's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

42.    QVC collects, stores, and maintains information supplied by visitors to the QVC website, or directs and controls the collection, storage, and maintenance of information supplied by visitors to the QVC website.

**The Sears Defendants**

43.    The Sears Defendants are, among other things, online retailers and own, operate, and maintain—or control and direct the operation and maintenance of—websites including but not limited to http://www.sears.com; http://www.kmart.com; and http://www.landsend.com ("the Sears websites").

44.    The Sears websites consist of Internet user interfaces through which visitors to the Sears websites may purchase products.  On information and belief, many visitors to and purchasers through the Sears websites reside in this District.  On the Sears websites, the Sears Defendants offer thousands of products for sale, including appliances, electronics, tools, clothing, and jewelry.

45.    The user interfaces of the Sears websites allows visitors of the Sears websites to supply information, such as a visitor's e-mail address, name, address, state of residence, and zip code using a computer or Internet-enabled device.

46.    The Sears Defendants collect, store, and maintain information supplied by visitors to the Sears websites, or direct and control the collection, storage, and maintenance of information supplied by visitors to the Sears websites.

## The Alcatel-Lucent USA Patents-In-Suit

47.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,649,131 entitled "Communications Protocol," filed December 30, 1992, and duly and legally issued on July 15, 1997 ("the '131 patent").  Alcatel-Lucent possesses all rights of recovery under the '131 Patent, including the right to recover damages for past infringement. A true and correct copy of the '131 patent is attached to this Complaint as Exhibit A.

48.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,623,656 entitled "Script-Based Data Communication System and Method Utilizing State Memory," filed on December 15, 1994, and duly and legally issued on April 22, 1997 ("the '656 patent").  Alcatel-Lucent possesses all rights of recovery under the '656 Patent, including the right to recover damages for past infringement. A true and correct copy of the '656 patent is attached to this Complaint as Exhibit B.

49.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,404,507 entitled "Apparatus and Method for Finding Records in a Database by Formulating a Query Using Equivalent Terms Which Correspond to Terms in the Input Query," filed on March 2, 1992, and duly and legally issued on April 4, 1995 ("the '507 patent"). Alcatel-Lucent possesses all rights of recovery under the '507 Patent, including the right to recover damages for past infringement. A true and correct copy of the '507 patent is attached to this Complaint as Exhibit C.

50.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,350,303 entitled "Method for Accessing Information in a Computer," filed on October 24, 1991, and duly and legally issued on September 27, 1994 ("the '303 patent"). Alcatel-Lucent possesses all rights of recovery under the '303 Patent, including the right to recover damages for past infringement. A true and correct copy of the '303 patent is attached to this Complaint as Exhibit D.

51.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 5,509,074 entitled "Method of Protecting Electronically Published Materials Using Cryptographic Protocols," filed on January 27, 1994, and duly and legally issued on April 16, 1996 ("the '074 patent").  Alcatel-Lucent possesses all rights of recovery under the '074 Patent, including the right to recover damages for past infringement. A true and correct copy of the '074 patent is attached to this Complaint as Exhibit E.

52.    Alcatel-Lucent USA is the owner of all right, title, and interest in United States Patent No. 6,041,316 entitled "Method and System for Ensuring Royalty Payments for Data Delivered Over a Network," filed on July 25, 1994, and duly and legally issued on March 21, 2000 ("the '316 patent").  Alcatel-Lucent possesses all rights of recovery under the '316 Patent, including the right to recover damages for past infringement. A true and correct copy of the '316 patent is attached to this Complaint as Exhibit F.  Collectively, the '131, '656, '507, '303, '074, and '316 patents will be referred to as "the Alcatel-Lucent USA Patents-In-Suit."

53.    On information and belief, the Defendants had knowledge of one or more of the Alcatel-Lucent USA Patents-In-Suit (including, but not limited to, notification provided directly from Alcatel-Lucent USA) and their respective infringing conduct.  Despite knowledge of these patents, the Defendants continue to commit acts of infringement.  The Defendants' continued

infringement of Alcatel-Lucent USA Patents-In-Suit is deliberate, intentional, and willful, making this an exceptional case within the meaning of the United States Patent Laws.

## COUNT I: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY AMAZON

54.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-53 above and incorporates them by reference.

55.    The Amazon website user interface contains text, image, form entry, and other objects that are displayed to Amazon website visitors on computers and Internet-enabled devices.

56.    Amazon owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the Amazon website user interface.

57.    When hardware, software, and other instrumentalities owned, operated, and maintained by Amazon—or hardware, software, and other instrumentalities controlled and directed by Amazon—communicate with an Amazon website visitor's computer or Internet-enabled device, among other things, the Amazon hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

58.    Amazon has infringed and continues to infringe the '131 patent by utilizing and/or practicing the methods claimed in the '131 patent, for example, by the operation of the Amazon website and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

59.    Amazon is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

60.     Amazon does not have a license or permission to use the claimed subject matter in the '131 patent.

61.     As a direct and proximate cause of Amazon's infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Amazon's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Amazon's infringing conduct is enjoined.

## COUNT II: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY AMAZON

62.     Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-61 above and incorporates them by reference.

63.     Amazon owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with Amazon website visitors' computers or Internet-enabled devices.

64.     Amazon receives script-based information from an Amazon website visitor's computer or Internet-enabled device, including but not limited to scripts in the hypertext mark-up language ("HTML").  Amazon retrieves data in response to the scripts received from an Amazon website visitor and transmits modified scripts back to the visitor's computer or Internet-enabled device.

65.     Amazon has infringed and continues to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent.  Amazon's infringement occurs, for example, in the operation of the Amazon website and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

66.     Amazon is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

67.     Amazon does not have a license or permission to use the claimed subject matter in the '656 patent.

68.     As a direct and proximate cause of Amazon's infringement of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Amazon's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Amazon's infringing conduct is enjoined.

## COUNT III: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY AMAZON

69.     Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-68 above and incorporates them by reference.

70.     The Amazon website contains features that allow visitors to enter search terms in order to search for products that Amazon sells.

71.     Amazon processes—or directs and controls the processing of—search terms entered into the Amazon website by visitors.

72.     For instance, when an Amazon visitor enters incomplete or partially incorrect search terms on the Amazon website, Amazon processes the search terms so as to retrieve records in accordance with the visitor's search terms.

73.     Amazon has infringed and continues to infringe the '507 patent, by providing and/or utilizing search functionalities, for example the product search functionality available on

the Amazon website and any similar search functionality that practices and/or utilizes the methods and/or systems claimed in the '507 patent.

74.    Amazon is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '507 patent, both literally and under the doctrine of equivalents.

75.    Amazon does not have a license or permission to use the claimed subject matter in the '507 patent.

76.    As a direct and proximate cause of Amazon's infringement of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Amazon's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Amazon's infringing conduct is enjoined.

## COUNT IV: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,350,303 BY AMAZON

77.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-76 above and incorporates them by reference.

78.    On Amazon's website, a visitor is allowed to view a portion of a book or item through a feature Amazon refers to as "Look Inside!" or "SearchInside."

79.    Amazon has infringed and continues to infringe the '303 patent by making, using, selling, offering to sell, and/or importing, within or into the United States products, functionalities and/or systems, including, but not limited to, "Look Inside!" and/or "SearchInside" and any similar products and/or website features, that practice claimed inventions of the '303 patent.

80.     Amazon is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '303 patent, both literally and under the doctrine of equivalents.

81.     Amazon does not have a license or permission to use the claimed subject matter in the '303 patent.

82.     As a direct and proximate cause of Amazon's infringement of the '303 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Amazon's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Amazon's infringing conduct is enjoined.

## COUNT V: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,509,074 BY AMAZON

83.     Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-82 above and incorporates them by reference.

84.     Certain products offered for sale on Amazon's website utilize digital rights management or DRM, including but not limited to digital books.

85.     Amazon has infringed and continues to infringe the '074 patent by making, using, selling, offering to sell, and/or importing, within or into the United States products and/or systems, including, but not limited to, digital books and any other similar products, that practice claimed inventions of the '074 patent.

86.     Amazon is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '074 patent, both literally and under the doctrine of equivalents.

87.     Amazon does not have a license or permission to use the claimed subject matter in the '074 patent.

88.     As a direct and proximate cause of Amazon's infringement of the '074 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Amazon's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Amazon's infringing conduct is enjoined.

## COUNT VI: PATENT INFRINGEMENT OF U.S. PATENT NO. 6,041,316 BY AMAZON

89.     Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-88 above and incorporates them by reference.

90.     The Amazon website utilizes product sampling and purchase features for digital content on its website.

91.     Amazon has infringed and continues to infringe the '316 patent by making, using, selling, offering to sell, and/or importing, within or into the United States products and/or systems, including, but not limited to, product sampling and purchase features for digital content, and any other similar functionalities that practice claimed inventions of the '316 patent.

92.     Amazon is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '316 patent, both literally and under the doctrine of equivalents.

93.     Amazon does not have a license or permission to use the claimed subject matter in the '316 patent.

94.     As a direct and proximate cause of Amazon's infringement of the '316 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Amazon's acts of infringement, and unless it is enjoined by the Court, Alcatel-

Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Amazon's infringing conduct is enjoined.

## COUNT VII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY ZAPPOS

95.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-94 above and incorporates them by reference.

96.    The Zappos website user interface contains text, image, form entry, and other objects that are displayed to Zappos website visitors on computers and Internet-enabled devices.

97.    Zappos owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the Zappos website user interface.

98.    When hardware, software, and other instrumentalities owned, operated, and maintained by Zappos—or hardware, software, and other instrumentalities controlled and directed by Zappos—communicate with a Zappos website visitor's computer or Internet-enabled device, among other things, the Zappos hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

99.    Zappos has infringed and continues to infringe the '131 patent by utilizing and/or practicing the methods claimed in the '131 patent, for example, in the operation of the Zappos website and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

100.    Zappos is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

101.   Zappos does not have a license or permission to use the claimed subject matter in the '131 patent.

102.   As a direct and proximate cause of Zappos's infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Zappos's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Zappos's infringing conduct is enjoined.

## COUNT VIII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY ZAPPOS

103.   Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-102 above and incorporates them by reference.

104.   Zappos owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with Zappos website visitors' computers or Internet-enabled devices.

105.   Zappos receives script-based information from a Zappos website visitor's computer or Internet-enabled device, including but not limited to scripts in the hypertext mark-up language ("HTML").  Zappos retrieves data in response to the scripts received from a Zappos website visitor and transmits modified scripts back to the visitor's computer or Internet-enabled device.

106.    Zappos has infringed and continues to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent, for example, in the operation of the Zappos website and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

107. Zappos is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

108. Zappos does not have a license or permission to use the claimed subject matter in the '656 patent.

109. As a direct and proximate cause of Zappos's infringement of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial. Alcatel-Lucent USA has no adequate remedy at law against Zappos's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm. The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Zappos's infringing conduct is enjoined.

## COUNT IX: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY ZAPPOS

110. Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-109 above and incorporates them by reference.

111. The Zappos website contains features that allow visitors to enter search terms in order to search for products that Zappos sells.

112. Zappos processes—or directs and controls the processing of—search terms entered into the Zappos website by visitors.

113. For instance, when a Zappos visitor enters incomplete or partially incorrect search terms on the Zappos website, Zappos processes the search terms so as to retrieve records in accordance with the visitor's search terms.

114. Zappos has infringed and continues to infringe the '507 patent, by providing and/or utilizing search functionalities, for example, the product search functionality available on

the Zappos website and any similar search functionality that practices and/or utilizes the methods and/or systems claimed in the '507 patent.

115.    Zappos is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '507 patent, both literally and under the doctrine of equivalents.

116.    Zappos does not have a license or permission to use the claimed subject matter in the '507 patent.

117.    As a direct and proximate cause of Zappos's infringement of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Zappos's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Zappos's infringing conduct is enjoined.

## COUNT X: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY NETFLIX

118.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-117 above and incorporates them by reference.

119.    The Netflix website user interface contains text, image, form entry, and other objects that are displayed to Netflix website visitors on computers and Internet-enabled devices.

120.    Netflix owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the Netflix website user interface.

121.    When hardware, software, and other instrumentalities owned, operated, and maintained by Netflix—or hardware, software, and other instrumentalities controlled and directed by Netflix—communicate with a Netflix website visitor's computer or Internet-enabled

device, among other things, the Netflix hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

122.    Netflix has infringed and continues to infringe the '131 patent by utilizing and/or practicing the methods claimed in the '131 patent, for example, in the operation of the Netflix website and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

123.    Netflix is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

124.    Netflix does not have a license or permission to use the claimed subject matter in the '131 patent.

125.    As a direct and proximate cause of Netflix's infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Netflix's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Netflix's infringing conduct is enjoined.

## COUNT XI: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY NETFLIX

126.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-125 above and incorporates them by reference.

127.    Netflix owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with Netflix website visitors' computers or Internet-enabled devices.

128.    Netflix receives script-based information from a Netflix website visitor's computer or Internet-enabled device, including but not limited to scripts in the hypertext mark-up language ("HTML").  Netflix retrieves data in response to the scripts received from a Netflix website visitor and transmits modified scripts back to the visitor's computer or Internet-enabled device.

129.    Netflix has infringed and continues to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent, for example in the operation of the Netflix website and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

130.    Netflix is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

131.    Netflix does not have a license or permission to use the claimed subject matter in the '656 patent.

132.    As a direct and proximate cause of Netflix's infringement of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Netflix's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Netflix's infringing conduct is enjoined.

## COUNT XII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY NETFLIX

133.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-132 above and incorporates them by reference.

134.    The Netflix website contains features that allow visitors to enter search terms in order to search for movies and products featured on the Netflix website.

135.    Netflix processes—or directs and controls the processing of—search terms entered into the Netflix website by visitors.

136.    For instance, when a Netflix visitor enters incomplete or partially incorrect search terms on the Netflix website, Netflix processes the search terms so as to retrieve records in accordance with the visitor's search terms.

137.    Netflix has infringed and continues to infringe the '507 patent, by providing and/or utilizing search functionalities, for example, the movie or product search functionality available on the Netflix website and any similar search functionality that practices and/or utilizes the methods and/or systems claimed in the '507 patent.

138.    Netflix is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '507 patent, both literally and under the doctrine of equivalents.

139.    Netflix does not have a license or permission to use the claimed subject matter in the '507 patent.

140.    As a direct and proximate cause of Netflix's infringement of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Netflix's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Netflix's infringing conduct is enjoined.

## COUNT XIII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY OVERSTOCK

141.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-140 above and incorporates them by reference.

142.    The Overstock website user interface contains text, image, form entry, and other objects that are displayed to Overstock website visitors on computers and Internet-enabled devices.

143.    Overstock owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the Overstock website user interface.

144.    When hardware, software, and other instrumentalities owned, operated, and maintained by Overstock—or hardware, software, and other instrumentalities controlled and directed by Overstock—communicate with an Overstock website visitor's computer or Internet-enabled device, among other things, the Overstock hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

145.    Overstock has infringed and continues to infringe the '131 patent by utilizing and/or practicing the methods claimed in the '131 patent, for example in the operation of the Overstock website and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

146.    Overstock is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

147.    Overstock does not have a license or permission to use the claimed subject matter in the '131 patent.

148.    As a direct and proximate cause of Overstock's infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against Overstock's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Overstock's infringing conduct is enjoined.

## COUNT XIV: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY OVERSTOCK

149.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-148 above and incorporates them by reference.

150.    Overstock owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with Overstock website visitors' computers or Internet-enabled devices.

151.    Overstock receives script-based information from an Overstock website visitor's computer or Internet-enabled device, including but not limited to scripts in the hypertext mark-up language ("HTML").  Overstock retrieves data in response to the scripts received from an Overstock website visitor and transmits modified scripts back to the visitor's computer or Internet-enabled device.

152.     Overstock has infringed and continues to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent, for example, in the operation of the Overstock website and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

153.    Overstock is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

154.    Overstock does not have a license or permission to use the claimed subject matter in the '656 patent.

155.    As a direct and proximate cause of Overstock's infringement of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial. Alcatel-Lucent USA has no adequate remedy at law against Overstock's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Overstock's infringing conduct is enjoined.

### COUNT XV: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY OVERSTOCK

156.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-155 above and incorporates them by reference.

157.    The Overstock website contains features that allow visitors to enter search terms in order to search for products that Overstock sells.

158.    Overstock processes—or directs and controls the processing of—search terms entered into the Overstock website by visitors.

159.    For instance, when an Overstock visitor enters incomplete or partially incorrect search terms on the Overstock website, Overstock processes the search terms so as to retrieve records in accordance with the visitor's search terms.

160.    Overstock has infringed and continues to infringe the '507 patent, by providing and/or utilizing search functionalities, for example the product search functionality available on

the Overstock website and any similar search functionality that practices and/or utilizes the methods and/or systems claimed in the '507 patent.

161.    Overstock is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '507 patent, both literally and under the doctrine of equivalents.

162.    Overstock does not have a license or permission to use the claimed subject matter in the '507 patent.

163.    As a direct and proximate cause of Overstock's infringement of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial. Alcatel-Lucent USA has no adequate remedy at law against Overstock's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless Overstock's infringing conduct is enjoined.

### COUNT XVI: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY QVC

164.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-163 above and incorporates them by reference.

165.    The QVC website user interface contains text, image, form entry, and other objects that are displayed to QVC website visitors on computers and Internet-enabled devices.

166.    QVC owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the QVC website user interface.

167.    When hardware, software, and other instrumentalities owned, operated, and maintained by QVC—or hardware, software, and other instrumentalities controlled and directed

by QVC—communicate with a QVC website visitor's computer or Internet-enabled device, among other things, the QVC hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

168.    QVC has infringed and continues to infringe the '131 patent by utilizing and/or practicing the methods claimed in the '131 patent, for example, in the operation of the QVC website and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

169.    QVC is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

170.    QVC does not have a license or permission to use the claimed subject matter in the '131 patent.

171.    As a direct and proximate cause of QVC's infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against QVC's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless QVC's infringing conduct is enjoined.

## COUNT XVII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY QVC

172.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-171 above and incorporates them by reference.

173.    QVC owns, operates, and maintains—or controls and directs the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with QVC website visitors' computers or Internet-enabled devices.

174.    QVC receives script-based information from a QVC website visitor's computer or Internet-enabled device, including but not limited to scripts in the hypertext mark-up language ("HTML").  QVC retrieves data in response to the scripts received from a QVC website visitor and transmits modified scripts back to the visitor's computer or Internet-enabled device.

175.    QVC has infringed and continues to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent, for example, in the operation of the QVC website and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

176.    QVC is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

177.    QVC does not have a license or permission to use the claimed subject matter in the '656 patent.

178.    As a direct and proximate cause of QVC's infringement of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against QVC's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless QVC's infringing conduct is enjoined.

## COUNT XVIII: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY QVC

179.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-178 above and incorporates them by reference.

180.    The QVC website contains features that allow visitors to enter search terms in order to search for products that QVC sells.

181.    QVC processes—or directs and controls the processing of—search terms entered into the QVC website by visitors.

182.    For instance, when a QVC visitor enters incomplete or partially incorrect search terms on the QVC website, QVC processes the search terms so as to retrieve records in accordance with the visitor's search terms.

183.    QVC has infringed and continues to infringe the '507 patent, by providing and/or utilizing search functionalities, for example the product search functionality available on the QVC website and any similar search functionality that practices and/or utilizes the methods and/or systems claimed in the '507 patent.

184.    QVC is liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '507 patent, both literally and under the doctrine of equivalents.

185.    QVC does not have a license or permission to use the claimed subject matter in the '507 patent.

186.    As a direct and proximate cause of QVC's infringement of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against QVC's acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.  The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless QVC's infringing conduct is enjoined.

**COUNT XIX: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,649,131 BY THE SEARS DEFENDANTS**

187.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-186 above and incorporates them by reference.

188.    The Sears websites' user interfaces contain text, image, form entry, and other objects that are displayed to Sears websites visitors on computers and Internet-enabled devices.

189.    The Sears Defendants own, operate, and maintain—or control and direct the operation and maintenance of—hardware, software, and other instrumentalities responsible for text, image, form entry, and other objects within the Sears websites' user interfaces.

190.    When hardware, software, and other instrumentalities owned, operated, and maintained by the Sears Defendants—or hardware, software, and other instrumentalities controlled and directed by the Sears Defendants—communicate with a computer or Internet-enabled device used by a visitor to the Sears websites, among other things, the Sears Defendants' hardware, software, and other instrumentalities assign and transmit identifiers for input object types to the visitor's computer or Internet-enabled device.

191.    The Sears Defendants have infringed and continue to infringe the '131 patent by utilizing and/or practicing the methods claimed in the '131 patent, for example, in the operation of the Sears websites and any other websites utilizing and/or practicing the methods claimed in the '131 patent.

192.    The Sears Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '131 patent, both literally and under the doctrine of equivalents.

193.    The Sears Defendants do not have a license or permission to use the claimed subject matter in the '131 patent.

194.    As a direct and proximate cause of the Sears Defendants' infringement of the '131 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy

at law against the Sears Defendants' acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm. The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Sears Defendants' infringing conduct is enjoined.

## COUNT XX: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,623,656 BY THE SEARS DEFENDANTS

195.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-194 above and incorporates them by reference.

196.    The Sears Defendants own, operate, and maintain—or control and direct the operation and maintenance of—hardware, software, and other instrumentalities responsible for communicating with computers or Internet-enabled devices of visitors to the Sears websites.

197.    The Sears Defendants receive script-based information from computers or Internet-enabled devices used by visitors to the Sears websites, including but not limited to scripts in the hypertext mark-up language ("HTML"). The Sears Defendants retrieve data in response to the scripts received from a Sears website visitor and transmit modified scripts back to the visitor's computer or Internet-enabled device.

198.    The Sears Defendants have infringed and continue to infringe the '656 patent by utilizing and/or practicing the methods and/or systems claimed in the '656 patent, for example, in the operation of the Sears websites and any other websites utilizing and/or practicing the methods and/or systems claimed in the '656 patent.

199.    The Sears Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '656 patent, both literally and under the doctrine of equivalents.

200.    The Sears Defendants do not have a license or permission to use the claimed subject matter in the '656 patent.

201.    As a direct and proximate cause of the Sears Defendants' infringement of the '656 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial. Alcatel-Lucent USA has no adequate remedy at law against the Sears Defendants' acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm. The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Sears Defendants' infringing conduct is enjoined.

## COUNT XXI: PATENT INFRINGEMENT OF U.S. PATENT NO. 5,404,507 BY THE SEARS DEFENDANTS

202.    Plaintiff Alcatel-Lucent USA hereby restates and realleges the allegations set forth in Paragraphs 1-201 above and incorporates them by reference.

203.    The Sears Defendants' websites contain features that allow visitors to enter search terms in order to search for products that the Sears Defendants sell.

204.    The Sears Defendants process—or direct and control the processing of—search terms entered into the Sears websites by visitors.

205.    For instance, when visitors to the Sears websites enter incomplete or partially incorrect search terms on the Sears websites, the Sears Defendants process the search terms so as to retrieve records in accordance with the visitors' search terms.

206.    The Sears Defendants have infringed and continue to infringe the '507 patent, by providing and/or utilizing search functionalities, for example, the product search functionalities available on the Sears websites and any similar search functionalities that practices and/or utilize the methods and/or systems claimed in the '507 patent.

207.    The Sears Defendants are liable for infringement under 35 U.S.C. § 271, including direct and/or indirect infringement of the '507 patent, both literally and under the doctrine of equivalents.

208.    The Sears Defendants do not have a license or permission to use the claimed subject matter in the '507 patent.

209.    As a direct and proximate cause of the Sears Defendants' infringement of the '507 patent, Alcatel-Lucent USA has been injured and has been caused significant damage, financial and otherwise, in an amount to be proven at trial.  Alcatel-Lucent USA has no adequate remedy at law against the Sears Defendants' acts of infringement, and unless it is enjoined by the Court, Alcatel-Lucent USA will suffer irreparable harm.   The damage and injury, financial and otherwise, to Alcatel-Lucent USA will continue unless the Sears Defendants' infringing conduct is enjoined.

## **PRAYER FOR RELIEF**

THEREFORE, Alcatel-Lucent USA prays for judgment against Defendants as follows:

A.    That the Court enter judgment in Alcatel-Lucent USA's favor and against the Defendants on each and every Count in the Complaint;

B.    That Defendants be found to have infringed the Alcatel-Lucent USA Patents-In-Suit in violation of 35 U.S.C. § 271;

C.    That Defendants be found to have willfully infringed the Alcatel-Lucent USA Patents-In-Suit;

D.    That Defendants pay Alcatel-Lucent USA all damages which are available pursuant to 35 U.S.C. § 284, including but not limited to treble damages for any willful infringement by Defendants;

E.     That an injunction, temporary and/or permanent, issue enjoining Defendants and their respective agents, servants, officers, directors, employees, parent companies, subsidiaries, affiliates, joint venturers, and all persons acting in concert with them, directly or indirectly, from infringing, inducing others to infringe, or contributing to the infringement of the Alcatel-Lucent USA Patents-In-Suit;

F.     An order requiring Defendants to deliver for destruction or to destroy all infringing products in their possession;

G.     If a permanent injunction is not granted, a judicial determination of the conditions for future infringement such as a royalty-bearing compulsory license or such other relief as the Court deems appropriate;

H.     That each of the Defendants be ordered to make an accounting of their respective sales, profits, royalties, and damages owed to Alcatel-Lucent USA, including a post-judgment equitable accounting of damages for the period of infringement of the Alcatel-Lucent USA Patents-In-Suit following the period of damages established by Alcatel-Lucent USA at trial;

I.     A finding that this case is exceptional pursuant to 35 U.S.C. § 285;

J.     That Defendants pay attorneys' fees pursuant to 35 U.S.C. § 285;

K.     That Defendants pay pre-judgment and post-judgment interest;

L.     That Alcatel-Lucent USA be awarded its costs, fees, and expenses in this action; and

M.     That Alcatel-Lucent USA be awarded any such other and further relief as this Court deems just, equitable, and proper.

## JURY DEMAND

A jury trial is demanded on all issues so triable, pursuant to Rule 38 of the Federal Rules

of Civil Procedure and Local Rule CV-38.


Respectfully Submitted,


DATED:  September 25, 2009          By:*/s/ Michael E. Jones*
                                        Michael E. Jones
                                        SBN: 10929400
                                        POTTER MINTON, P.C.
                                        110 N. College
                                        500 Plaza Tower
                                        Tyler, TX 75702
                                        Telephone:     (903) 597-8311
                                        Facsimile:     (903) 593-0846
                                        E-mail:          mikejones@potterminton.com


                                        *Of Counsel:*
                                        Jan M. Conlin (MN No. 192697)
                                        Thomas C. Mahlum (MN No. 0259391)
                                        Brian A. Mayer (MN No. 0329514)
                                        **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
                                        2800 LaSalle Plaza
                                        800 LaSalle Avenue
                                        Minneapolis, MN  55402-2015
                                        Telephone:  612-349-8500
                                        Facsimile:  612-339-4181
                                        E-mail:        jmconlin@rkmc.com
                                                       tcmahlum@rkmc.com
                                                       bamayer@rkmc.com

                                        **ATTORNEYS FOR PLAINTIFF,**
                                        **ALCATEL-LUCENT USA INC.**