# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| ALCATEL-LUCENT USA INC., | § | |
| | § | |
| PLAINTIFF, | § | |
| v. | § | CIVIL ACTION NO. 6:09-cv-422 [LED] |
| | § | |
| AMAZON.COM, INC.; | § | |
| ZAPPOS.COM, INC; | § | |
| NETFLIX, INC.; | § | |
| OVERSTOCK.COM, INC.; | § | JURY DEMANDED |
| QVC, INC.; | § | |
| SEARS HOLDINGS CORPORATION; | § | |
| SEARS HOLDINGS MANAGEMENT | § | |
| CORPORATION; | § | |
| SEARS, ROEBUCK AND CO.; | § | |
| SEARS BRANDS, LLC; | § | |
| KMART CORPORATION; | § | |
| KMART HOLDING CORPORATION; | § | |
| LANDS' END, INC.; | § | |
| NEWEGG INC.; | § | |
| MAGNELL ASSOCIATE INC. d/b/a | § | |
| NEWEGG.COM; and | § | |
| INTUIT INC., | § | |
| | § | |
| DEFENDANTS, | § | |
| | § | |
| v. | § | |
| | § | |
| ENDECA TECHNOLOGIES, INC., | § | |
| | § | |
| THIRD PARTY DEFENDANT. | § | |

**NEWEGG INC.'S SURREPLY IN OPPOSITION TO THIRD PARTY DEFENDANT ENDECA TECHNOLOGIES, INC.'S MOTION TO DISMISS THIRD PARTY COMPLAINT OR, IN THE ALTERNATIVE, TO TRANSFER VENUE**

Newegg submits the present Surreply to address some errors in Endeca's Reply Brief (Dkt. No. 167, hereinafter "Endeca's Reply"). Overall, Endeca continues to fail to give proper weight to the judicial economy concerns raised by its Motion. Here, the complex and technical matters of infringement of one of the patents-in-suit are inextricably intertwined with Newegg's indemnification claim. Dismissal or transfer will only place a severe and undue burden on the judicial resources of another district, and increase inconvenience and expense for the parties.

### I. *Mass Engineered Design* Strongly Supports Denying Endeca's Motion

The distinctions made by Endeca with respect to this Court's *Mass Engineered Design* decision do not compel a contrary result from that case. As explained by Newegg in its Opposition (Dkt. No. 162, hereinafter "Newegg's Opposition") at pages 9-10, this Court denied transferring the indemnification-related claim there largely because the parties and witnesses relating to other claims would likely overlap. *Mass Engineered Design v. Ergotron, Inc.*, No. 206-cv-272, 2008 U.S. Dist. Lexis 35577, at *25-26 (E.D. Tex. April 30, 2008) (Davis, J.). Here, even though Plaintiff Alcatel-Lucent USA has not directly asserted any claims against Endeca, Endeca's search software nevertheless comprises the instrumentality accused of infringing one of the patents-in-suit, and so Endeca will absolutely be involved in this case outside the context of Newegg's indemnification claim. Further, the indemnification clause at issue expressly ties Endeca's obligations to how infringement, if any, is determined, making the indemnification liability determination depend upon additional nuances of an already highly complex infringement analysis. *See* Newegg's Opposition, at 7-8 (explaining that Endeca's liability turns on whether the Endeca software would "[itself] be infringing or otherwise the subject of the claim"). Witnesses and parties expected to offer evidence in the underlying patent infringement claims will inevitably overlap for Newegg's indemnification claim against Endeca.

In such a situation, denying transfer ensures that this Court can "provide the parties with the most expeditious resolution" while avoiding unnecessary "increase[d] inconvenience and expenses for the parties." *Mass Engineered Design*, 2008 U.S. Dist. Lexis 35577, at *26. *Mass Engineered Design* is highly apposite and supports the denial of Endeca's motion.

Also as in *Mass Engineered Design*, this Court's "familiarity with the parties and subject matter" weighs against transfer. *Id.* Although Endeca argues that transfer was denied in *Mass Engineered Design* because the case was "very far along" and had been through a claim construction hearing, that case was still more than six months away from trial when this Court denied transferring the indemnification claim. *Id.* Likewise, this case has already been pending for almost a year, with trial scheduled to begin in about a year. This Court's present and increasing familiarity with the parties and subject matter of the case indicates that transfer would only cause considerable delay, as well as increased inconvenience and expense. *Id.*

Endeca also points out that the indemnifying party in *Mass Engineered Design* did not address the public and private factors in its motion to dismiss or transfer at all, but relied exclusively on the forum selection clause. Endeca posits that because Endeca separately argued these other factors, *Mass Engineered Design* is inapplicable. First, in *Mass Engineered Design*, this Court provided the requisite analysis of the various public and private factors in its opinion before concluding that transfer was inappropriate, indicating that the failure to argue the various factors was not part of this Court's rationale for denying transfer. *See id.* at *25-26. In any event, Endeca does in effect rely only on the forum selection clause as the basis for its motion. *See generally* Endeca's Reply (including no discussion of any public or private factors other than the forum selection clause). Here, there is no conflict of law at issue, and Endeca agrees that this Court is "more than competent to interpret and apply Massachusetts law" to the indemnification

2

claim. Endeca's Motion, Dkt. No. 158, at 15. Further, Endeca's allegations relating to witness and evidence availability in Massachusetts were shown by Newegg to be disingenuous, in light of the facts that (1) Endeca has specified no particular relevant witnesses or documents in Massachusetts to show that Massachusetts is "clearly more convenient," and (2) Endeca has chosen at least one other forum 400 miles away, in Delaware, for its software license agreement with Defendant QVC, Inc. *See* Newegg's Opposition, at 13. Endeca ostensibly concedes these points, since Endeca's Reply makes no attempt to show that its alleged private concerns should compel this court to transfer the indemnification claim.

## II. The Additional and Separate Issues Presented by Newegg's Indemnification Claim Cannot Extricate the Indemnification Issues from the Infringement Case

Endeca correctly notes that a claim for indemnification is contractual in nature, is distinct from a claim of patent infringement, and will require at least some proof by witnesses and evidence distinct from and in addition to that required for infringement. Endeca further notes that this case, with its various patents, defendants, defenses, and counterclaims, will in general involve many witnesses, evidence, and legal issues unrelated to Endeca. Endeca posits that the existence of these distinct and additional issues raised by Newegg's indemnification claim should result in transfer. However, this Court must not focus on such differences to the exclusion of the critical similarities and overlap between the claims at issue. The crucial fact raised by Newegg, to which Endeca has made no attempt to respond, is that indemnification liability under the agreement is expressly tied to what instrumentality, if any, is deemed to infringe, and how and why such infringement is found to occur. *See* Newegg's Opposition, at 7-8. In particular, the agreement at issue provides that <u>Endeca's liability depends upon how the software is used, and whether the Endeca software would "[itself] be infringing or otherwise the subject of the claim</u>." Ex. A to Newegg's Opposition, at p. 5, ¶ 9.4.

3

Endeca cannot reasonably dispute that Newegg's indemnification claim is inextricably intertwined with the underlying infringement claim. Newegg cannot prove its indemnification claim against Endeca, and Endeca cannot defend against Newegg's claim, without addressing the complex and nuanced issues of whether and how infringement may occur, utilizing essentially the same witnesses and evidence. Given the considerably greater complexity of such technical matters and legal patent issues, as compared with the relatively straightforward matters of contract interpretation, it promotes efficiency, consistency, and accuracy to have this Court retain Newegg's indemnification claim along with the infringement case.

At a higher level of abstraction, the idea that the existence of distinct and additional issues between claims should provide a basis for transfer finds no support in the letter or spirit of the Federal Rules of Civil Procedure. The Federal Rules include various provisions to facilitate judicial systemic efficiency by putting all related claims and parties before the court in a single action, where possible and prudent. *See e.g.,* Fed. R. Civ. P. 13 (requiring defendants to file counterclaims that "arise out of the same transaction or occurrence", and permitting defendants to file counterclaims for "any claim" they may have against the plaintiff); Fed. R. Civ. P. 18 (allowing parties to join "as many claims as it has against an opposing party," even if such claims are contingent); Fed. R. Civ. P. 19 (requiring joinder of parties necessary to ensure that "complete relief" may be accorded); Fed. R. Civ. P. 20 (permitting joinder of parties where common questions of law or fact exist among defendants); Fed. R. Civ. P. 22 (permitting interpleader to avoid multiple liability, even when the multiple claims "lack a common origin or are adverse and independent rather than identical"). Indeed, third party practice under Rule 14(a), relied upon by Newegg presently, expressly promotes judicial economy by permitting non-parties to be brought into cases where they may be wholly or partially liable (e.g., via

indemnification) for any causes of action against a defendant, regardless of the nature of the underlying cause of action or whether it may involve the same issues of law and fact. Notwithstanding the distinctions between indemnification and infringement claims generally, the liberal joinder rules plainly reject Endeca's proposition that mere differences or additional sources of proof between one claim and another should warrant transfer. Particularly when the claims share central and critical issues of law and fact, as is the case here, the Federal Rules encourage a single Court to handle those related matters.[1]

## CONCLUSION

With the present action being a patent case, and with Endeca's software comprising the accused functionality of one of the patents-in-suit, judicial economy must be a paramount concern. Endeca would have this Court ignore the fact that dismissal or transfer of Newegg's indemnification claim will only result in another judicial district being burdened with adjudicating the exact same complicated technical original patent infringement matters, as well as additional nuances of the infringement analysis. *See* Newegg's Opposition, at 6-9. It would be wasteful and unnecessarily duplicative to impose such a burden on another court, when this Court is and will undoubtedly be in the best position to provide a thorough and efficient resolution of the indemnification claim. For the foregoing reasons, as well as those set forth in Newegg's Opposition, Endeca's motion to dismiss or, in the alternative, to transfer venue, should be denied.

---

[1] Endeca admits that it has a software license agreement with Defendant QVC, Inc. that includes an indemnification clause, and argues that if QVC files a claim for indemnification, that claim will add even more distinct contract issues to this case, further reducing judicial economy. Endeca's Reply, at 5 FN 1. However, the opposite is true. Endeca has not suggested that the substance of the indemnification provisions are materially different in the QVC agreement. If QVC joins it own indemnification claim, the commonality of the overlapping infringement-related issues would make dismissal or transfer more, not less, wasteful of judicial resources. This is compounded especially by the fact that QVC's agreement with Endeca includes a forum selection clause for Delaware, which could potentially result in not two, but three different courts all adjudicating the same infringement matters. Not only is such a result wasteful of judicial resources, but it runs a serious risk of inconsistent judgments as well.

| | |
|---|---|
| Dated: August 10, 2010 | By: /s/ Kent E. Baldauf, Jr. |
| | Kent E. Baldauf, Jr. |
| | David C. Hanson |
| | James J. Bosco |
| | Daniel H. Brean |

THE WEBB LAW FIRM
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
T: (412) 471-8815
F: (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015
Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191
trey@yw-lawfirm.com

Attorneys for Newegg Inc. and Magnell Associate Inc.

**CERTIFICATE OF SERVICE**

This is to certify that on August 10, 2010, a true and correct copy of the foregoing document has been served on all counsel of record via the Court's ECF system.

    /s/ Kent E. Baldauf, Jr.
Attorney for Newegg Inc. and
Magnell Associate Inc.