IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALCATEL-LUCENT USA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:09-CV-422 (LED) |
| | § | |
| AMAZON.COM, INC., et al. | § | |
| | § | |
| Defendants. | § | |

**DEFENDANTS' OBJECTIONS TO ALCATEL'S USE OF DEPOSITION TESTIMONY FROM ITS EXPERT JOHN HAUSER**

Defendants[1] file these Objections ("Defendants' Objections") to Plaintiff Alcatel-Lucent USA, Inc.'s ("Alcatel") Use of Deposition Testimony from its retained expert John Hauser ("Hauser") in place of bringing Hauser to testify live at trial.

1.      Hauser is one of Alcatel's retained expert witnesses related to alleged damages. On August 23, 2011, Alcatel designated deposition testimony from Hauser for use at trial, indicating that Hauser would not be appearing live at trial.  However, Alcatel has not provided any evidence showing that Hauser is unavailable to testify live at trial.  *Hegwood v. Ross Stores, Inc.*, No. 3:04-cv-2674, 2007 U.S. Dist. LEXIS 2887, *4 (N.D. Tex. Jan. 16, 2007) ("The burden of establishing the unavailability of a witness or exceptional circumstances rests with the party seeking to introduce the deposition." (citing *Jauch v. Corley*, 830 F.2d 47, 50 (5th Cir. 1987))). Accordingly, Alcatel should be prohibited from using Hauser's deposition testimony in place of

---

[1] "Defendants" refers collectively to Amazon.com, Inc.; Zappos.com, Inc.; Netflix, Inc.; Overstock.com, Inc.; Sears Holdings Corporations; Sears Holdings Management Corporation; Sears, Roebuck and Co.; Sears Brands, LLC; Kmart Corporation; Kmart Holding Corporation; Lands' End, Inc.; Newegg Inc.; and Magnell Associate Inc. d/b/a Newegg.com.

bringing Hauser live to testify at trial.[2] *See* FED. R. CIV. P. 32(a)(4); *Rivera-Davila v. Asset Conservation, Inc.*, No. 98-1075, 2000 U.S. App. LEXIS 479, *21-22 (Fed. Cir. Jan. 12, 2000) (excluding the deposition testimony of a party's expert witness because the offering party did not prove the expert's unavailability).

2. The fact that Hauser resides over 100 miles from the trial location does <u>not</u> render him unavailable under Rule 32(a). Indeed, by selecting an expert who resides more than 100 miles away, Alcatel improperly attempts to procure Hauser's absence for the purposes of Rule 32. *See* FED. R. CIV. P. 32(a)(4)(B) (A witness is unavailable if "the witness is more than 100 miles from the place of hearing or trial…, *unless it appears the that the witness's absence was procured by the party offering the deposition*."); *Aubrey Rogers Agency, Inc. v. AIG Life Ins. Co.*, No. 97-529, 2000 U.S. Dist. LEXIS 997, *19 (D. Del. Jan. 13, 2000) ("***By selecting an expert [who resides over 100 miles from the trial], [Plaintiff] 'procured' that expert's absence from this Court[.]***"). Moreover, the trial court has wide discretion in choosing whether to admit deposition testimony under Rule 32, and "may consider all the circumstances relating to the party's absence to determine whether the deposition may be used." *Garcia-Martinez v. City & County of Denver*, 392 F.3d 1187, 1191-92 (10th Cir. 2004) (citation omitted).

3. Alcatel, a corporation headquartered in Delaware, chose to file this lawsuit in the Eastern District of Texas. Alcatel then chose to hire an expert, who Alcatel knew at the time resided over 100 miles from the location of trial, thus procuring his "absence." *Aubrey Rogers Agency*, 2000 U.S. Dist. LEXIS 997, at *17-18 ("[U]nlike fact witnesses, who are determined by their personal knowledge of relevant facts, regardless of where they live or work, a party

---

[2] Alcatel, however, would still be able to use Hauser's video deposition testimony to "contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence." FED. R. CIV. P. 32(a)(2).

normally has broad latitude in selecting its expert witnesses." (quoting *Caron v. General Motors Corp.*, 643 N.E.2d 471, 474 (Mass. App. 1994))). Allowing Hauser's deposition testimony at trial would undermine the intent and policy of Rule 32, and reward Alcatel's litigation antics. Indeed, allowing a party to present its expert's deposition testimony instead of calling him live at trial solely because the party chose to hire a distant expert sets dangerous precedent and abrogates the intent and spirit of the federal rules. *See Aubrey Rogers Agency*, 2000 U.S. Dist. LEXIS 997, at *15 ("[J]udges have discretion to exclude depositions of expert witnesses where the party proponent has selected a distant expert and has not made reasonable efforts to assure the expert's presence at trial." (citations omitted)).

    4.    Moreover, federal common law and the Federal Rules of Civil Procedure demonstrate a strong preference for live testimony at trial over deposition testimony. Indeed, in its notes to Federal Rule of Civil Procedure 43, the Advisory Committee stated, "***The importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.***" FED. R. CIV. P. 43, Notes of Advisory Committee on 1996 amendments; *see also Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972) ("It must be recognized that the general preference of the federal rules, as expressed in F.R.Civ.P. 43(a), is for oral testimony so that there will be an opportunity for live cross-examination and observation of the demeanor of the witness."). Allowing paid out-of-state experts to evade trial under the guise of unavailability stands in direct contrast to the text and policy of the Federal Rules of Civil Procedure.

    5.    Hauser's deposition testimony should also be excluded under Federal Rule of Civil Procedure 26(b)(4). Defendants' deposition of Hauser was intended to explore Hauser's

opinions and methodology. It was not an effective opportunity to cross-examine Hauser on his credibility and reliability; that is the purpose of live testimony at trial. The drafters of Rule 26 specifically recognized that in cases presenting intricate and difficult issues, such as patent cases, where expert testimony is likely to be determinative, "[e]ffective cross-examination of an expert witness requires advanced preparation. The lawyer even with the help of his own experts frequently can not anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand." FED. R. CIV. P. 26, Notes of Advisory Committee on 1970 amendments, Note to Subdivision (b)(4) – Trial Preparation: Experts. Therefore, proper preparation for cross-examination of an expert is necessary. Allowing Hauser to forgo testifying at trial would unfairly prejudice Defendants by eliminating their opportunity to properly cross-examine him. For the foregoing reasons, Alcatel should be prohibited from presenting Hauser's deposition testimony rather than bringing Hauser live to testify at trial.

Dated: August 30, 2011

Respectfully submitted,

BRACEWELL & GIULIANI LLP

By: _/s/ John H. Barr, Jr._
    John H. Barr, Jr.
    Attorney-in-Charge
    State Bar No. 00783605
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(713) 221-1212 – Facsimile
john.barr@bgllp.com

Of counsel:

Alan D. Albright
State Bar No. 00973650
Barry K. Shelton
State Bar No. 24055029

Conor M. Civins
State Bar No. 24040693
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
(512) 472-7800 – Telephone
(512) 472-9123 – Facsimile
alan.albright@bgllp.com
barry.shelton@bgllp.com
conor.civins@bgllp.com

Christopher A. Shield
State Bar No. 24046833
John Allen Yates
State Bar No. 24056569
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston, Texas 77002
(713) 223-2300 – Telephone
(713) 221-1212 – Facsimile
chris.shield@bgllp.com
jay.yates@bgllp.com

**ATTORNEYS FOR DEFENDANT, OVERSTOCK.COM, INC.**


THE WEBB LAW FIRM

By: /s/ Kent E. Baldauf, Jr.

Kent E. Baldauf, Jr.
James J. Bosco
Bryan P. Clark
Anthony W. Brooks

One Gateway Center
420 Ft. Duquesne Boulevard
Suite 1200
Pittsburgh, PA 15222
T:  (412) 471-8815
F:  (412) 471-4094

Trey Yarbrough
Texas Bar No. 22133500
YARBROUGH ♦ WILCOX, PLLC
100 E. Ferguson St., Ste. 1015

Tyler, Texas 75702
Tel: (903) 595-3111
Fax: (903) 595-0191

**ATTORNEYS FOR NEWEGG INC. AND MAGNELL ASSOCIATE INC. D/B/A NEWEGG.COM**

FISH & RICHARDSON P.C.

By /s/ Justin Barnes
Thomas M. Melsheimer, Lead Attorney
Texas Bar No. 13922550
John W. Thornburgh (CA SBN 154627)
Lara S. Garner (CA SBN 234701)
Justin Barnes (CA SBN 217517)
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Neil J. McNabnay (TX SBN 24002583)
Fish & Richardson P.C.
1717 Main Street, Suite 5000
Dallas, TX 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091

**COUNSEL FOR DEFENDANTS AND COUNTER PLAINTIFFS AMAZON.COM, INC. and ZAPPOS.COM, INC; SEARS HOLDING CORPORATION; SEARS HOLDINGS MANAGEMENT CORPORATION; SEARS, ROEBUCK AND CO.; SEARS BRANDS, LLC; KMART CORPORATION; KMART HOLDING CORPORATION; and LANDS' END, INC.; and NETFLIX, INC.**

# CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been forwarded to all counsel of record via electronically pursuant to the Federal Rules of Civil Procedure on the 30th day of August, 2011.

Allen Franklin Gardner
Michael E. Jones
John F. Bufe
Potter Minton PC
110 N College, Suite 500
P.O. Box 359
Tyler, Texas 75710-0359
allengardner@potterminton.com
mikejones@potterminton.com
johnbufe@potterminton.com

Marla R. Butler
Oren D. Langer
Robins Kaplan Miller & Ciresi L.L.P.
601 Lexington Avenue, Suite 3400
New York, NY 10022
mrbutler@rkmc.com
odlanger@rkmc.com
(Attorneys for Plaintiff)

Martin J. Black
Robert L. Masterson
Robert W. Ashbrook, Jr.
Dechert LLP
Cira Centre, 2929 Arch Street
Philadelphia, PA 19104-2808
martin.black@dechert.com
robert.masterson@dechert.com
robert.ashbrook@dechert.com

Jeffrey B. Plies
Gretchen S. Sween
Dechert LLP
300 West 6th Street, Suite 1850
Austin, Texas 78701
jeff.plies@dechert.com
gretchen.sween@dechert.com

Thomas M. Melsheimer (Lead Counsel)
Neil J. McNabnay
P. Weston Musselman, Jr.

Jan M. Conlin
Emmett J. McMahon
Thomas C. Mahlum
Lars P. Taavola
Robins Kaplan Miller & Ciresi L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
jmconlin@rkmc.com
ejmcmahon@rkmc.com
tcmahlum@rkmc.com
lptaavola@rkmc.com
(Attorneys for Plaintiff)

Kent E. Baldauf, Jr.
Anthony W. Brooks
The Webb Law Firm
700 Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
KbaldaufJr@webblaw.com
dhanson@webblaw.com
jbosco@webblaw.com
dbrean@webblaw.com
abrooks@webblaw.com

(Attorneys for Newegg Inc., and Magnell Associate Inc. d/b/a Newegg.com)

Dmitry Brant
Peter J. Sawert
James A. Fussell

| | |
|---|---|
| Fish & Richardson P.C.<br>1717 Main Street, Suite 5000<br>Dallas, Texas  75201<br>melsheimer@fr.com<br>mcnabnay@fr.com<br>musselman@fr.com | Michael J. McKeon<br>Fish & Richardson P.C.<br>1425 K Street NW, 11th Floor<br>Washington DC 20005<br>brant@fr.com<br>sawert@fr.com<br>fussell@fr.com<br>mckeon@fr.com<br>(Attorneys for Defendants<br>Amazon.com, Inc. and Zappos.com, Inc.) |

John W. Thornburgh
Ryan P. O'Connor
Lara S. Garner
Fish & Richardson P.C.
12390 El Camino Real
San Diego, CA  92130
thornburgh@fr.com
oconnor@fr.com
lgarner@fr.com
(Attorneys for Defendants
Amazon.com, Inc. and Zappos.com, Inc.)

(Attorneys for Defendants Sears Holding Corporation; Sears Holding Management Corporation; Sears Roebuck and Co.; Sears Brands, LLC; Kmart Corporation; Kmart Holding Corporation; Lands' End, Inc.)

(Attorneys for Defendant Netflix, Inc.)

                                                        */s/  John H. Barr, Jr.*
                                                        John H. Barr, Jr.

## **CERTIFICATE OF CONFERENCE**

      The undersigned certifies that counsel for Overstock and Alcatel conferred via telephone conference on August 30, 2011 regarding Defendants' objections to Alcatel's use of deposition testimony from John Hauser at trial, and Alcatel's counsel opposed Defendants' Objections to Alcatel's Use of Deposition Testimony from its Expert John Hauser.

                                                        */s/ John H. Barr, Jr.*
                                                          John H. Barr, Jr.