IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| ALCATEL-LUCENT USA, INC. | § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:09-CV-422 |
| AMAZON.COM., INC., et al | § § | PATENT CASE |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff Alcatel-Lucent USA, Inc.'s ("Alcatel") post-trial motions. Having considered the parties' submissions and oral arguments, the Court **DENIES** Alcatel's Renewed Motion For Judgment as a Matter of Law on Validity of U.S. Patent No. 5,649,131 Pursuant to Rule 50(b), or, Alternatively, For a New Trial Under Rule 59(a) (Docket No. 509, "JMOL VALIDITY"); and **DENIES** Alcatel's Renewed Motion for Judgment as a Matter of Law on Infringement Pursuant to Rule 50(b), or, Alternatively, For a New Trial Under Rule 59(a) (Docket No. 510, "JMOL INFRINGEMENT").

**BACKGROUND**

Alcatel filed suit on September 25, 2009, alleging that Amazon.com, Inc.; Zappos.com, Inc.; Netflix, Inc.; Overstock.com, Inc.; QVC, Inc.; Sears Holding Corporation; Sears Holding Management Corporation; Sears, Roebuck and Co.; Sears Brands, LLC; Kmart Corporation; Kmart Holding Corporation; and Lands' End, Inc., infringe one or more of United States Patent Nos. 5,649,131 ("'131 patent"), 5,623,656 ("'656 patent"), 5,404,507 ("'507 patent"), 5,350,303 ("'303 patent"), 5,509,074 ("'074 patent"), 6,041,316 ("'316 patent"). *See* Docket No. 1. Alcatel amended its Complaint on November 24, 2009, and included allegations of infringement

1

against Newegg Inc.; Magnell Associate, Inc. d/b/a Newegg.com; and Intuit Inc. *See* Docket No. 7. All defendants except Overstock.com, Inc. ("Overstock") and Newegg Inc. and Magnell Associate, Inc. d/b/a Newegg.com ("Newegg") settled prior to trial. *See* Docket Nos. 480, 471, 447, 314, 130.

Alcatel, Overstock, and Newegg proceeded to trial on October 11, 2011, and Alcatel asserted the '131, '656, and '507 patents. The '131 patent is directed to a communication protocol that facilitates the exchange of interface information between a host processor and a terminal, such as a work station, smart phone, or portable computer. The invention allows a host processor to specify relative rather than specific attributes for an object to be displayed on a terminal display, leaving it up the terminal to display the object according to the terminal's capabilities. *See* '131 patent at ABSTRACT.

The '656 patent is directed to "pre-processing script-based data communications in a manner that embeds information regarding the previous state of the system within that script data. This effectively imposes a state memory upon what would otherwise be a stateless system." '656 patent at 1:66–2:4. The '507 patent describes an apparatus and method for searching for records of database items with incomplete or incorrectly provided input data. The query uses search expressions that include terms and phrases that are equivalent to each of the input words and includes expanded acronyms and abbreviations. The search expressions may also include words that are close to an input word when it appears to be misspelled.

Alcatel argued that the Defendants literally infringed claims 1 and 5 of the '131 patent, claims 1 and 2 of the '656 patent, and claim 10 of the '507 patent. *See* Docket No. 483, "JURY VERDICT." Alcatel also argued that Overstock infringed claim 10 of the '507 under the doctrine of equivalents. *Id.* Overstock and Newegg countered that they did not infringe any of the

asserted claims and that claims 1 and 5 of the '131 were invalid as anticipated and obvious. *Id.* Alcatel's case went to the jury on all alleged questions. After a five day trial, the jury found that Overstock and Newegg did not infringe the asserted claims of the '131, 656, or '507 patents and the claims 1 and 5 of the '131 patent were invalid as anticipated and obvious. *Id.*

## ALCATEL'S MOTIONS FOR JUDGMENT AS A MATTER OF LAW

### *JMOL Standard*

Judgment as a matter of law is only appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." FED. R. CIV. P. 50(A). "The grant or denial of a motion for judgment as a matter of law is a procedural issue not unique to patent law, reviewed under the law of the regional circuit in which the appeal from the district court would usually lie." *Finisar Corp. v. DirectTV Group, Inc.*, 523 F.3d 1323, 1332 (Fed. Cir. 2008). The Fifth circuit "uses the same standard to review the verdict that the district court used in first passing on the motion." *Hiltgen v. Sumrall*, 47 F.3d 695, 699 (5th Cir. 1995). Thus, a jury verdict must be upheld, and judgment as a matter of law may not be granted, unless "there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did." *Id.* at 700. The jury's verdict must be supported by "substantial evidence" in support of each element of the claims. *Am. Home Assurance Co. v. United Space Alliance*, 378 F.3d 482, 487 (5th Cir. 2004).

A court reviews all evidence in the record and must draw all reasonable inferences in favor of the nonmoving party; however, a court may not make credibility determinations or weigh the evidence, as those are solely functions of the jury. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000). The moving party is entitled to judgment as a matter of law, "only if the evidence points so strongly and so overwhelmingly in favor of the nonmoving party that no reasonable juror could return a contrary verdict." *Int'l Ins. Co. v. RSR*

*Corp.*, 426 F.3d 281, 296 (5th Cir. 2005).

**Judgment as a Matter of Law on Validity on US Patent No. 5,649,131**

Alcatel first contends that the Overstock and Newegg (collectively "Defendants") failed to meet their burden to prove invalidity of the '131 patent by clear and convincing evidence through anticipation and obviousness. JMOL Validity at 1.

*Applicable Law*

A patent claim is invalid as anticipated if the claimed invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention by the applicant. 35 U.S.C. § 102(a) (2006). Anticipation requires the presence in the prior art of each and every limitation of the claimed invention. *Amgen, Inc. v. Hoffman-La Roche Ltd.*, 580 F.3d 1340, 1366 (Fed. Cir. 2009).

Obviousness is a question of law based on underlying findings of fact. *In re Kubin*, 561 F.3d 1351, 1355 (Fed. Cir. 2009). Obviousness is based on several factual inquiries: "(1) the scope and content of the prior art; (2) the differences between the prior art and the claims at issue; (3) the level of ordinary skill in the art at the time the invention was made; and (4) objective evidence of nonobviousness, if any." *Id.*

*Analysis*

Defendants' invalidity case rested with the testimony of experts, and all testifying experts were extensively cross-examined. After a thorough review of the trial record, Dr. Nutt, Defendants' validity expert, provided extensive testimony regarding how the X Window System as described in the Xlib Programming Manual for Version 11, Vol.1, disclosed all of the claimed elements of claim 1 and 5 of the '131 patent. Alcatel's expert, Dr. Donahoo, provided contrary testimony. The jury was free to weigh the conflicting expert testimony and evidence to

determine whether they agreed that the '131 patent was invalid as anticipated in light of the X Window System.

Dr. Nutt also testified extensively regarding the scope of the prior art, any differences between the prior art and the claimed invention, and further, regarding the level of ordinary skill in the art. Dr. Nutt also provided testimony explaining why any alleged missing claim elements in the X Window System would have been obvious to one of skill in the art. In sum, there was a sufficient evidentiary basis and substantial evidence to support the jury's verdict that claims 1 and 5 of the '131 patent are invalid as anticipated and as obvious.

### *Conclusion*

Based on the foregoing, the Court **DENIES** Alcatel's Renewed Motion For Judgment as a Matter of Law on Validity of U.S. Patent No. 5,649,131 Pursuant to Rule 50(b), or, Alternatively, For a New Trial Under Rule 59(a) (Docket No. 509).

### **Judgment as a Matter of Law on Infringement**

Alcatel contends that the jury's finding that Defendants do not infringe the asserted claims of the '131, '656, and '507 patents was contrary to the actual trial evidence and had no legally sufficient evidentiary basis. JMOL INFRINGEMENT at 1. Alcatel further argues that Defendants used misdirection and emotional tactics to prejudice the jury against Alcatel. *Id.* at 1–3. As such, Alcatel requests either judgment as a matter of law, or a new trial, on all infringement issues. *Id.* at 3.

### *Applicable Law: Literal Infringement*

To prove infringement, the plaintiff must show the presence of every element or its equivalent in the accused device. *Lemelson v. United States*, 752 F.2d 1538, 1551 (Fed. Cir. 1985). Determining infringement is a two-step process: "[f]irst, the claim must be properly

construed, to determine the scope and meaning. Second, the claim, as properly construed must be compared to the accused device or process." *Absolute Software, Inc. v. Stealth Signal, Inc.*, 659 F.3d 1121, 1129 (Fed. Cir. 2011) (citing *Carroll Touch, Inc. v. Electro Mech. Sys., Inc.*, 15 F.3d 1573, 1576 (Fed. Cir. 1993)). "A determination of infringement is a question of fact that is reviewed for substantial evidence when tried to a jury." *ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307, 1311 (Fed. Cir. 2007).

To support a finding of infringement under the doctrine of equivalents ("DOE"), a patentee must either: (1) demonstrate an insubstantial difference between the claimed invention and the accused product or method; or (2) satisfy the function, way, result test. *Aquatex Industries, Inc. v. Techniche Solutions*, 479 F.3d 1320, 1326 (Fed. Cir. 2007) (citing *Graver Tank & Mfg. v. Linde Air Prods. Co.*, 339 U.S. 605, 608, 70 S.Ct. 854, 94 L.Ed. 1097 (1950)). A patentee must provide particularized testimony and linking argument as to the insubstantiality of the differences between the claimed invention and the accused device or process on a limitation-by-limitation basis. *Id.* at 1328 (quoting *Texas Instruments, Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1567 (Fed. Cir. 1996)). A patentee should typically provide particularized testimony from a qualified expert describing the claim limitations and establishing that those skilled in the art would recognize the equivalents. *Id.* at 1329. However, the expert is not required to "re-start his testimony at square one when transitioning to a doctrine of equivalents analysis." *Paice LLC v. Toyota Motor Corp.*, 504 F.3d 1293, 1305 (Fed. Cir. 2007). Instead, an expert may explicitly or implicitly incorporate his earlier testimony into the DOE analysis. *Id.*

### *Analysis*

Much like the invalidity case, the infringement allegations rested with the testimony of the parties' experts, and all testifying experts were extensively cross-examined. While Alcatel

provided its infringement evidence via Dr. Donahoo, contending that that Defendants infringed the '131, '507, and '656 patents, Defendants provided contrary evidence of non-infringement via testimony and evidence from: (1) fact witnesses that created Overstock and Newegg's allegedly infringing websites; and (2) technical experts Dr. Larson and Mr. Tittle. Defendants also extensively cross-examined Alcatel's expert regarding his infringement opinions. Because the jury heard conflicting testimony regarding infringement, the jury was free to disbelieve Alcatel's expert and his opinions. *See i4i Limited Partnership v. Microsoft Corp.*, 5968 F.3d 831, 848 (Fed. Cir. 2010). In fact, even absent any evidence from Defendants, the jury was free to determine that Alcatel failed to meets its burden regarding infringement of the '131, '507, and '656 patents.

Over the course of a 5 day trial, the jury heard Alcatel's infringement evidence and Defendants rebuttal evidence, and ultimately determined that Defendants do not infringe the patents-in-suit. After a thorough review of the trial record, the Court cannot say that there was no legally sufficient evidentiary basis for the jury's finding that the accused products do not infringe the asserted claims of the patents-in-suit. Accordingly, Alcatel is not entitled to judgment as a matter of law regarding infringement.

*New Trial Motion*

Alcatel next contends that throughout the trial, Defendants' counsel engaged in a pattern of prejudicial behavior—from improperly displaying the Court's claim construction order to implying that Alcatel improperly buried the jury with evidence—that likely led to jury confusion and bias. JMOL INFRINGEMENT at 26–27. As such, Alcatel contends that they are entitled to a new trial. *Id.*

"A new trial may be granted, for example, if the district court finds the verdict is against

the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612–13 (5th Cir. 1985). The Court must view the evidence "in a light most favorable to the jury's verdict, and [] the verdict must be affirmed unless the evidence points so strongly and overwhelmingly in favor of one party that the court believes that reasonable persons could not arrive at a contrary conclusion." *Dawson v. Wal-Mart Stores, Inc.*, 978 F.2d 205, 208 (5th Cir. 1992). Viewing the trial record in a light most favorable to the jury's verdict, Alcatel's motion fails. Even taking Alcatel's allegations as true, Defendants' behavior during trial was not so prejudicial that it necessitates a new trial.

*Conclusion*

Based on the foregoing, the Court **DENIES** Alcatel's Renewed Motion for Judgment as a Matter of Law on Infringement Pursuant to Rule 50(b), or, Alternatively, For a New Trial Under Rule 59(a) (Docket No. 510).

## CONCLUSION

Accordingly, the Court **DENIES** Alcatel's Renewed Motion For Judgment as a Matter of Law on Validity of U.S. Patent No. 5,649,131 Pursuant to Rule 50(b), or, Alternatively, For a New Trial Under Rule 59(a) (Docket No. 509); and **DENIES** Alcatel's Renewed Motion for Judgment as a Matter of Law on Infringement Pursuant to Rule 50(b), or, Alternatively, For a New Trial Under Rule 59(a) (Docket No. 510).

**So ORDERED and SIGNED this 30th day of July, 2012.**



_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**